# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| VINCENT LEWIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-5-M |
| CAPTAIN WILLIAMS et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On January 3, 2017, Plaintiff Vincent Lewis, a state prisoner appearing pro se, submitted a letter that the Court liberally construed as a 42 U.S.C. § 1983 complaint. This matter was referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Plaintiff has three times been ordered to cure certain deficiencies with respect to his possible lawsuit and the required filing fee. Plaintiff has not done so. In light of Plaintiff's failure to adequately prosecute his case and to comply with this Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

*I. Background*

On January 18, 2017, the Court advised Plaintiff that if he was intending to initiate a lawsuit, his efforts were deficient because: (i) Plaintiff's filing failed to comply with multiple Federal Rules of Civil Procedure and Local Civil Rules; and (ii) Plaintiff had neither paid the required $400.00 filing fee nor filed an application to proceed *in forma pauperis* or "IFP." *See* Order (Doc. No. 5) at 1-2 (citing Compl. (Doc. No. 1); Fed. R. Civ.

P. 8(a), 11(a); LCvR 3.3, 9.2(a); 28 U.S.C. § 1915(a)). Plaintiff was therefore directed that, if he did wish to pursue a lawsuit, he must submit an amended complaint curing the noted deficiencies and either pay the $400.00 filing fee or submit an IFP application, by February 8, 2017. *See id.* at 2. Plaintiff was sent the relevant forms and advised that his failure to take the required steps "may result in the dismissal of this action without prejudice." *Id.*

When that deadline passed without Plaintiff submitting anything further, the Court on its own extended Plaintiff's deadline to March 15, 2017. *See* Order of Feb. 22, 2017 (Doc. No. 6). Plaintiff was again advised: "Failure to cure the noted deficiencies and to comply with the Court's Order may result in dismissal of this action without prejudice." *See id.* at 2. Following receipt of a letter from Plaintiff that was liberally construed as a request for additional time, the Court subsequently extended the deadline to March 27, 2017. *See* Order of Mar. 17, 2017 (Doc. No. 8); Doc. No. 7. Plaintiff was again warned: "Failure to remedy the defects cited [in the Court's prior Orders] and to comply with the Court's orders may result in dismissal of this action without prejudice." Order of Mar. 17, 2017, at 2.

Nearly two months after this deadline passed, Plaintiff submitted an IFP application that is plainly deficient, as detailed below. To date, Plaintiff has not submitted an amended complaint attempting to resolve the deficiencies outlined for him by the Court.

The Court's three Orders and appropriate forms were all mailed to Plaintiff at the address provided by Plaintiff. There is no indication from the docket that he failed to receive any of these transmissions. *See* Doc. Nos. 5, 6, 8.

II.     *Plaintiff's Failure to Prosecute and to Comply with the Court's Orders*

As of the present date, Plaintiff has made no effort to cure the multiple deficiencies of his Complaint, of which he was expressly advised by the Court. *See* Order of Jan. 18, 2017, at 1 (noting that "Plaintiff fails to clearly identify the defendants, to state 'a short and plain statement of the grounds for the court's jurisdiction' and supporting facts for legal claims," or "to include a decipherable 'demand for the relief sought,'" and that the Complaint did not appear to be personally signed by Plaintiff (citing Fed. R. Civ. P. 8(a), 11(a); LCvR 9.2(a))). After his last deadline passed, Plaintiff did submit an IFP application and a letter. *See* Pl.'s IFP Appl. (Doc. No. 9 (filed Apr. 3, 2017)); Pl.'s Letter (Doc. No. 10).

In his IFP application, Plaintiff failed to provide specific responses to multiple required questions. *See* Pl.'s IFP Appl. at 1, 2. Further, despite having been specifically advised that "[a]n *in forma pauperis* applicant who is incarcerated is required by federal statute and by this Court's Local Civil Rules" to provide prison-account statements that are "certified by an appropriate prison official," Order of Jan. 18, 2017, at 2, Plaintiff failed to provide either the statements or the required certification. Instead, Plaintiff has supplied his own balance calculations (totaling $0 in every category), attached no account statements, and signed his own name in the space clearly designated "Authorized Prison Official." *See* Pl.'s IFP Appl. at 3-4. Plaintiff's Letter is a string of vague, nonsensical contentions of wrongdoing by various entities and Plaintiff's own commentary thereon. *See* Pl.'s Letter at 1 ("Your honorable side me! I'm *not* going paying down for this Bullshit. *But it is a facts!!*"). These submissions do not reflect a good-faith effort to cure the defects

in his original "Complaint" or to comply with the requirements of 28 U.S.C. § 1915(a)(2) and Local Civil Rule 3.3(a)-(b).

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with [the federal civil rules] or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). *See Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014).

As a result of Plaintiff's failure to timely comply with the Court's orders and to suitably prosecute his action, the Court is unable "to achieve an orderly and expeditious" resolution of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Additionally, Plaintiff's lack of compliance has left the Court unable to collect any of the $400.00 filing fee owed by Plaintiff or to adequately evaluate Plaintiff's actual ability to pay this fee.

The Court has provided Plaintiff sufficient notice of the possibility of dismissal and opportunity to respond, as well an additional response opportunity through objection to this

4

Report and Recommendation.  *See* Order of Jan. 18, 2017; Order of Feb. 22, 2017; Order of Mar. 17, 2017; LCvR 3.2, 3.4(a).  Accordingly, the Court should dismiss this action without prejudice to refiling.  *See, e.g.*, *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005).

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this lawsuit without prejudice and deny Plaintiff's application (Doc. No. 9) as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 16, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 26th day of May, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE